**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MELVIN WARREN,                                          Case No. 1:25-cv-557

        Plaintiff,

                                           Hopkins, J.
vs.                                                                     Bowman, M.J.

TRANSUNION, LLC., et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Plaintiff's motion for voluntary dismissal of this action without prejudice (Doc. 25), and the parties' responsive memoranda. (Doc. 27). For the reasons set forth below, the undersigned recommends that Plaintiff's motion be granted and that this action be dismissed without prejudice.

Plaintiff initiated this action against Defendants for alleged violations of the Fair Credit Reporting Act. Plaintiff is now seeking voluntary dismissal of this action without prejudice. Federal Rule of Civil Procedure 41(a)(2) provides that, after an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Dismissal under Rule 41(a)(2) is within the sound discretion of the court. Because Defendants have already filed responses, this matter may not be dismissed without prejudice pursuant to Rule 41(a)(2) except by court order. *See Henderson v. Hall*, No. 1:09cv2058, 2010 WL 2572698, at *2 (N.D. Ohio June 4, 2010) (Report & Recommendation), adopted, 2010 WL 2572652 (N.D. Ohio June 21, 2010). Whether the petitioner's request for dismissal without prejudice should be granted "is within the sound

discretion of the Court." *See Martin v. Warden, Lebanon Corr. Inst.*, No. 1:12cv458, 2014 WL 1271020, at *3 (S.D. Ohio Mar. 27, 2014) (Barrett, J.).

Here, dismissal without prejudice is appropriate. The case remains at a relatively early stage, and Defendants will not suffer plain legal prejudice from dismissal at this juncture. Notably, Defendants have not opposed the motion.   Further, there is no indication that Plaintiff seeks dismissal in bad faith or for purposes of undue delay. Nor is there any showing that Defendant(s) have expended substantial resources that would be wasted by dismissal. Under these circumstances, dismissal without prejudice is consistent with Rule 41(a)(2) and the interests of judicial economy.

For the foregoing reasons, the undersigned herein **RECOMMEND**S that Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. 25) be **GRANTED**, all pending motions (Docs. 12, 18, 19, 20, 21) be **DENIED as MOOT** and this action be **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court should be directed to **CLOSE** the case.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MELVIN WARREN,                                            Case No. 1:25-cv-557

        Plaintiff,

                                    Hopkins, J.
vs.                                                      Bowman, M.J.

TRANSUNION, LLC., et al.,

        Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3